## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE,

      Petitioner,

      v.                                    CASE NO.  24-3142-JWL

CHIEF JUDGE CHARLES DROEGE,
et al.,

      Respondents.

### MEMORANDUM AND ORDER

Petitioner Matthew Escalante is a state prisoner in the custody of the Johnson County Adult Detention Facility in Olathe, Kansas ("JCADF").  On August 14, 2024, Petitioner filed a pro se petition purporting to be a petition for a writ of habeas corpus under 28 U.S.C.  §§ 2241, 2244, and 2255.  Accordingly, this habeas action was opened.

Petitioner, however, is enjoined from filing an action in this Court unless he complies with the requirements of his filing restrictions.  *See Escalante v. Burmaster*, Case No. 23-2471-JWB, Doc. 72 (D. Kan. Jan. 18, 2024).  To file a pro se action in this Court, Petitioner must first mail or otherwise deliver the submission to the Clerk of Court requesting leave to file a complaint or other pleading that includes:

> 1. A copy of [the January 18, 2024 Memorandum and Order imposing filing restrictions] and any subsequent Order involving filing restrictions;
> 2. A copy of the proposed complaint or pleading;
> 3. A list of all other lawsuits or other matters currently pending or previously filed with this court or any other court that involve the same or similar claims or parties, including the name, number, and status or disposition of each listed case;
> 4. A notarized affidavit certifying that: (1) The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and (2) The claims are not frivolous, malicious, or made in bad faith.

*Id*. at 3.

The document submitted by Petitioner purporting to be a habeas action does not comply with all of Petitioner's filing restrictions.[1]  Even if the Court found that Petitioner fully complied with the restrictions, his Petition would still be subject to dismissal.

Petitioner purports to bring this action under §§ 2241, 2244, and 2255.  Section § 2244 prohibits second or successive habeas actions.  Relief under § 2255 is available only to prisoners serving a federal sentence and motions seeking such relief are filed in the movant's federal criminal case.  *See* 28 U.S.C. § 2255(a) (available to "[a] prisoner in custody under sentence of a court established by Act of Congress").  Petitioner is not serving a sentence imposed by a *federal* court, and he has no federal criminal case in which a § 2255 motion could be properly filed.

A court may grant relief under § 2241 where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).[2]  Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition."  Habeas Corpus Rule 4.

Petitioner alleges violations of *state* law.  Petitioner claims that his appeal bond in his state case was revoked without complying with Kansas revocation statutes.  (Doc. 1, at 2.)  Petitioner alleges that the judge failed to comply with K.S.A. 27-3716.  *Id*. at 3.  Petitioner also claims a

---

[1] Petitioner has failed to include a copy of the order imposing filing restrictions and has failed to certify that his claims have not been previously asserted.

[2] Petitioner names the state court judge as a respondent.  "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" that is, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citations omitted); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

violation of the Kansas Open Records Act.[3]  *Id.*

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886).  In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance.  *Id.* at 251–52.  Otherwise, federal courts must abstain from interfering with the process of state courts.  *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate."  *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (citation omitted).  Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County*

---

[3] Petitioner also makes claims regarding his dental care at the JCADF.  However, claims regarding his conditions of confinement are not properly brought in a habeas action. Any challenges to his conditions of confinement must be brought pursuant to 42 U.S.C. § 1983.  "In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir. 2012) (citation omitted).

3

*Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Two varieties of "extraordinary circumstances" exist: "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Id*. at n.4 (citations and internal quotations omitted). However, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted).

Although "*Younger* and *Ex Parte Royall* are related doctrines" the Tenth Circuit has stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings" while *Ex Parte Royall* "involved a request for habeas relief." *Kirk v. Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished). In finding that *Ex Parte Royall* provided "more specific authority for the dismissal," the Tenth Circuit held that:

> In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in,

> judgment has been appealed from and the case concluded in the state
> courts.' *Id.*

*Kirk*, 2021 WL 5111985, at *2 (internal citations omitted).  The Tenth Circuit concluded that the district court did not err by abstaining from interfering in petitioner's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state . . . [n]or is he seeking to compel the state to bring him to trial." *Id.*

The instant Petition does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention.  Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current state court proceedings in the District Court of Johnson County, Kansas.  Petitioner's allegations suggest that his state court proceedings are ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings.  Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in the District Court of Johnson County, Kansas.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and therefore in forma pauperis status will be denied for the purpose of appeal.  If Petitioner files a notice of appeal, he must pay the $605 appellate filing fee or file a motion for leave to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice** because Petitioner has failed to comply with the filing restrictions ordered in *Escalante v. Burmaster*, Case No. 23-2471-JWB, Doc. 72 (D. Kan. Jan. 18, 2024); and because *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in the District Court of Johnson County, Kansas.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot.**

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **denied without prejudice** to filing a motion seeking leave to proceed in forma pauperis on appeal in the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

**Dated August 26, 2024, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**